[Crim. No. 6412.   Second Dist., Div. One.   Apr. 2, 1959.]

THE PEOPLE, Respondent, v. ALEX LOPEZ, Appellant.

Morris Schacter, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

LILLIE, J. — By way of information, defendant was charged in three counts with possession of heroin, marijuana and amidone, in violation of section 11500, Health and Safety

Code; and with three prior felony narcotic convictions. He waived his right to a trial by jury, and by stipulation the matter was submitted to the court on the transcript of the preliminary hearing, subject to the right of each party to offer additional evidence. The trial court found defendant guilty on each count and the three prior felony convictions to be true, denied probation and sentenced him to the state prison on each count, the terms to run concurrently. From the judgment defendant appeals.

Appellant contends that the arrest, search and seizure were without probable cause because the police officer refused to name his informant; that the evidence was insufficient to support any finding he knowingly possessed narcotics; and that by convicting him on all three counts, he was punished three times for a single act in violation of section 654, Penal Code.

As to appellant's first point, the record discloses that at the preliminary hearing Officer Breckenridge testified that he and another officer, acting on information given to him 30 minutes earlier by an informant that one "Alex" was operating a "shooting gallery" in a place in the rear of a certain address where a "hype" could buy any kind of narcotics, went to the location at approximately 1 a.m.; that the place was an apartment behind a store building; that approaching it, they walked up to a window through which they watched several persons in the kitchen for about a minute; that he saw a man (defendant) sitting at a table and a woman standing at the kitchen stove, and observed their eyes were glassy and they were sniffling; that one of the persons, upon hearing them outside, went to the door in an attempt to leave and as he opened it, he (the officer) stepped inside, identified himself, and arrested all five occupants; that after ascertaining from the defendant it was his apartment they searched the premises and found two cellophane packages—one containing nine marijuana cigarettes and the other amidone tablets; that they then placed defendant in the hands of uniformed police, removed him from the premises and, continuing their search, found 24 capsules of heroin in a rubber container, a plastic package containing a spoon, eyedropper and hypodermic needle, and two paper bags of marijuana.

The informant did not accompany the officers, was not present at the time of arrest and took no part therein than to supply information of defendant's activities and location.

The officers had neither an arrest nor search warrant when they went to the premises. At the preliminary hearing, the officer testified the informant had on more than one prior occasion given him information upon which he had made arrests resulting in successful prosecutions, and it was upon the information he gave him concerning defendant he relied in arresting him.

The record discloses that at the preliminary hearing defendant made no objection to the officer's testimony relative to his reliance on the informer's communication to him; on cross-examination defendant asked the officer the name of the informant ("so that the record may show he refused to answer") which he refused to reveal under section 1881, subdivision 5, Code of Civil Procedure, and was sustained by the trial judge; thereafter, defendant made no motion to strike the testimony given by the officer relative to the informant and his reliance upon his communication in making the arrest; at the conclusion of the People's case when the narcotics found in defendant's apartment were offered in evidence, defendant made no objection thereto; and although defendant moved to dismiss the charge his motion was based solely on the ground the prosecution had not proved possession, without mention of an illegal arrest, search or seizure.

At the outset of the trial, the prosecution again offered the narcotics into evidence, to which defendant made no objection. Although the officer was present at the trial and testified for the People, defendant made no demand of disclosure of the informer's identity, no motion to strike the officer's testimony relative to the informant and his communication, and no objection concerning this matter. The officer's reliance upon information supplied by the informer was neither mentioned nor discussed by defendant in the court below and at no time until this appeal has he relied upon the officer's refusal to identify the informant to establish the illegality of the arrest and search.

Appellant seeks a reversal on the basis of *Priestly* v. *Superior Court*, 50 Cal.2d 812 [330 P.2d 39], but the recent case of *Coy* v. *Superior Court*, 51 Cal.2d 471 [334 P.2d 569], is a complete answer to his first contention. In that matter appellant unsuccessfully sought a writ of prohibition to prevent his trial on the ground the officer at the preliminary hearing, upon objection of the People, refused to divulge the name of the informer, which was sustained by the committing magistrate. No motion to strike the officer's testimony was

made upon refusal to reveal his identity and defendant neither objected to the introduction of the narcotics in evidence nor argued the legality of the arrest and seizure. ■ Citing *Priestly* v. *Superior Court*, 50 Cal.2d 812, at page 819 [330 P.2d 39]: "When the prosecution seeks to show reasonable cause for a search by testimony as to communications from an informer, either the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be struck on proper motion of the defendant," the Supreme Court affirmed the magistrate's ruling and held that the prosecution was entitled to elect between disclosure and having the officer's testimony struck. Said the court at page 473: "It was incumbent on defendant to compel this election, however, by moving to strike or otherwise making his position clear. The prosecution may have had evidence other than the information of the informer to justify the search or it may have been willing to waive the privilege of nondisclosure if its case would otherwise fail, and it was entitled to an opportunity to produce such evidence or waive nondisclosure. It was not called upon to do so, however, while evidence of reasonable cause stood unchallenged in the record." Commenting further that neither the magistrate nor trial court has the duty to strike the evidence on its own motion, and defendant should not be permitted to gamble on an acquittal at his trial secure in the knowledge the conviction would be reversed on appeal, the court continued: "No undue burden is placed on the defendant by requiring him to make a motion to strike when the basis for excluding evidence theretofore properly admitted becomes apparent, and there is no basis for departing from the settled rule requiring such a motion (*City of Venice* v. *Short Line Beach Land Co.* (1919), 180 Cal. 447, 453 [181 P. 658]; *Ballos* v. *Natural* (1928), 93 Cal.App. 601, 608 [269 P. 972]; *Brandt* v. *Krogh* (1910), 14 Cal.App. 39, 56 [111 P. 275]; Fricke, California Criminal Evidence, 444-445 (4th ed. 1957)) in the present situation."

■ Concerning appellant's second point that there is insufficient evidence in the record to show he had possession of the narcotics, we again refer briefly to the testimony of Officer Breckenridge that defendant and another in the apartment were sniffling and their eyes were glassy (both physical signs of heroin use); that defendant, who had been seated at the table in the kitchen, admitted he was a narcotic user and had a "fix" two weeks before, and numerous puncture wounds appeared on his right arm; that with reference to the apartment defendant said: "Yes, it is my apartment but I am

moving,'' and that he had lived there for approximately two years; that defendant later, again asked if the apartment was his, admitted that it was; that a search in defendant's presence revealed two packages—one containing nine marijuana cigarettes and the other amidone tablets, on the floor behind the refrigerator; and that a further search, after defendant was removed from the premises, disclosed a rubber container of 24 capsules of heroin and a plastic package containing a spoon, eyedropper and a hypodermic needle behind a board nailed to the kitchen window, and two paper bags of marijuana on the floor under the kitchen stove.

Appellant ''does not deny that this evidence is sufficient to support an inference it was appellant's apartment at that time'' (App. O.B., p. 7), but contends that the evidence was not sufficient to support the implied finding that he knowingly possessed the narcotics found therein. He says he had no knowledge of the presence of the narcotics and since guilty knowledge cannot be presumed, the burden was on the prosecution to prove facts from which it could fairly be inferred.

█ It is, of course, true that to sustain a conviction of possession under section 11500, there must appear in the record sufficient evidence to show defendant knowingly had physical or constructive possession (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433] ; *People* v. *Martinez*, 117 Cal.App.2d 701 [256 P.2d 1028] ; *People* v. *Batwin*, 120 Cal.App.2d 825 [262 P.2d 88]) of a narcotic, knowing it to be such (*People* v. *Winston*, 46 Cal.2d 151 [293 P.2d 40] ; *People* v. *Carrasco*, 159 Cal.App.2d 63 [323 P.2d 129] ; *People* v. *White*, 50 Cal.2d 428 [325 P.2d 985]). █ However, these elements may be established by circumstantial evidence from which reasonable inferences may be drawn by the trier of fact (*People* v. *Magdaleno*, 158 Cal.App.2d 48 [322 P.2d 89] ; *People* v. *Robarge*, 151 Cal.App.2d 660 [312 P.2d 70] ; *People* v. *Batwin*, 120 Cal.App.2d 825 [262 P.2d 88] ; *People* v. *Gentry*, 118 Cal.App. 2d 501 [257 P.2d 1012]). █ That there is ample in the record from which a reasonable inference may be drawn that the substances (heroin, marijuana and amidone) found in defendant's apartment were under his dominion and control, and he knew of their presence and that they were of a narcotic nature, is borne out by evidence of the early morning hour defendant was observed, under the circumstances, and his apparent physical condition pointing to narcotics use; the proprietary actions of defendant in the kitchen of the apartment he admitted was his and in which he had lived for two

years; defendant's admitted use of narcotics, that he had a "fix" two weeks before and the puncture wounds on his right arm; and the discovery on the premises in defendant's presence of marijuana and amidone, and later, heroin and paraphernalia used by addicts secreted in the kitchen of his apartment in places and under conditions disclosing an obvious intent on the part of someone familiar with the premises to purposely conceal them. Although defendant in his testimony denied possession or knowledge of the narcotics; said that he had moved out but returned two days later in search of his refrigerator, finding unknown people in the apartment, and that while he was there police arrived, searched the premises but found nothing while he was present; and denied telling the officer he was a user; his story only served to create a factual conflict, which the trial judge in the exercise of his duty to weigh the evidence and determine the credibility of the witnesses, resolved against him by rejecting his testimony in favor of the officer's. Since we are concerned only with whether there is sufficient proof in the record, contradicted or uncontradicted, to reasonably justify the finding defendant committed the offense (*People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778]) ; and considering the evidence in a light most favorable to the prosecution, we conclude that it was reasonable for the trial court to infer therefrom that defendant knowingly had in his possession heroin, marijuana and amidone with knowledge of their narcotic nature.

*People* v. *Antista*, 129 Cal.App.2d 47 [276 P.2d 177], relied upon by appellant, lends no assistance mainly because of a complete factual dissimilarity. There the evidence consisted solely of the discovery in defendant's absence of marijuana in a cupboard in an unused room in his apartment, and defendant was not shown to be a heroin user or to have any connection with narcotics. In the instant case, defendant was an admitted user of narcotics, bore puncture marks on his right arm and had a "fix" not long before. Part of the narcotics discovered in the kitchen of his apartment were found in his presence and in such places as would indicate a determined concealment by one who well knew the premises.

█ Appellant's last contention, that having been convicted on three counts of possession, he was punished three times for a single act in violation of section 654, Penal Code, finds no support in either the law or the facts. *People* v. *Branch*, 119 Cal.App.2d 490 [260 P.2d 27], and other similar cases cited by him have no application here. The Branch case, for ex-

ample, involved a conviction of possession and sale of the *same* narcotic. The court there held that possession and sale were part of the same transaction. The other cases involved possession and transportation of the *same* narcotic in which they were held to constitute only one offense. In the instant case, possession of more than one narcotic is alleged.

In Count 1, defendant was charged with possessing heroin, in Count 2, marijuana and in Count 3, amidone; all on February 8. On that day, the officers found in defendant's possession three separate and distinct narcotics, in substantial amounts —the possession of any one of which under sections 11500 and 11001, Health and Safety Code, constituted an offense. Contrary to his contention that defendant's possession of all three was a single act, the possession of each of the three different and distinct types of narcotics, even at the same time, constituted three separate offenses. In *People* v. *Mandell,* 90 Cal.App.2d 93 [202 P.2d 348], the same contention was rejected. Defendants therein were charged in the first three counts with possession of morphine, opium and cocaine, respectively; in the fourth, fifth and sixth, with transportation of each. Holding that, since the only possession shown in the record was that incident to transportation, the possession and transportation must be treated as one offense, the court reversed the three transportation counts but affirmed the three possession counts, on the ground each constituted a single offense because each related to a different type of narcotic. Said the court at page 98: "It is argued that there was but one cigar box containing three different types of narcotic and that the only possession of the narcotics which was shown was that incident to the transportation. Under sections 11500 and 11001 of the Health and Safety Code the possession or transportation of either cocaine, opium or morphine is prohibited. *The possession of each of these prohibited narcotics constitutes a separate criminal offense,* which is also true of their transportation, *and the fact they were kept* or carried *in one package would make no difference.* (Citations.)" (Emphasis added.)

Section 11001 defining "narcotics" as used in section 11500, Health and Safety Code, includes the substances—"(e) Heroin"; "(h) All parts of the plant Cannabis sativa L. (commonly known as marijuana)"; and "(j) Amidone."

For the foregoing reasons, the judgment is affirmed.

White, P. J., and Fourt, J., concurred.