[Crim. No. 12249.   Second Dist., Div. Two.   June 21, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. PHILLIP
LARRY LOPEZ, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Plaintiff and Appellant.

Manuel Valenzuela for Defendant and Respondent.

FLEMING, J.—The People appeal from an order granting a new trial and setting aside an information which charged the defendant with possession of marijuana.

The case centers around the fact that at the time of defendant's arrest he had on his person (a) marijuana, possession of which is a felony (Health & Saf. Code, § 11530) for which he was prosecuted in superior court, and (b) hypnotic drugs, possession of which is a misdemeanor (Bus. & Prof. Code, § 4230) for which he was prosecuted in the municipal court.

The two prosecutions went forward as follows:

| 1965 | Misdemeanor | Felony |
|------|-------------|--------|
| Sept. 8 | | Arrested in Alhambra |
| Sept. 8 | Complaint filed in Municipal Court of Alhambra | — |
| Sept. 10 | Arraigned, plea of guilty | — |
| Sept. 13 | — | Preliminary hearing |
| Sept. 23 | — | Information filed in superior court |
| Sept. 28 | Sentence continued at request of probation officer | — |
| Sept. 30 | | Arraignment continued |
| Oct. 5 | Sentence imposed | — |

(Continued on next page)

| 1965 | Misdemeanor | Felony |
|------|-------------|--------|
| Oct. 21 | — | Arraigned, plea of not guilty |
| Dec. 2 | — | Defendant tried and convicted by court |
| 1966 | | |
| Jan. 13 | — | Motion for new trial |
| Jan. 27 | — | Motion for new trial denied; sentence continued |
| Feb. 10 | — | Motion for new trial granted and motion to set aside information under Penal Code, § 995 granted |

At the time of Lopez's arrest the law prohibited prosecution of felony and misdemeanor charges in the same court (*People v. Rodriguez,* 202 Cal.App.2d 191, 196-197 [20 Cal. Rptr. 556]), and all trial courts and prosecutors were absolutely bound to follow the law as it then stood. (*Auto Equity Sales* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) On January 5, 1966, after Lopez had been sentenced on the misdemeanor charge and tried and convicted on the felony charge, the Supreme Court in *Kellett* v. *Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], ruled that felony and misdemeanor charges arising from the same series of events could and should be prosecuted in the same action. The court said, ''When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause.'' (63 Cal.2d 822, 827.)

The question then arose of the effect of this decision on Lopez, who had not yet been sentenced on his felony conviction. On February 10 the superior court vacated its order denying a new trial and dismissed the felony information as having been brought without reasonable or probable cause, concluding that his sentence on the misdemeanor charge precluded prosecution and punishment on the felony charge by reason of the rule in *Kellett* prohibiting dual prosecution and punishment for offenses arising out of the same act or the

same series of acts. The People have appealed this ruling, and we think their appeal is good.

First, the rule prohibiting multiple punishment of the same act under different provisions of the penal code (Pen. Code, § 654) has no relevancy to punishment for simultaneous possession of different kinds of narcotics. Although possession of marijuana and possession of hypnotic drugs are parallel and closely related crimes, they remain separate offenses, and neither crime contains any element which is essential to the composition of the other. For the two crimes separate punishment may be imposed. (*People* v. *Lopez,* 169 Cal.App.2d 344, 350-351 [337 P.2d 570] (possession of heroin, possession of marijuana); *Neal* v. *State of California,* 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839] (attempted murder of A, simultaneous attempted murder of B); *People* v. *Wasley,* 245 Cal. App.2d 383 [53 Cal.Rptr. 877] (possession of sawed-off shotgun, possession of pistol by felon); *People* v. *Winchell,* 248 Cal.App.2d 580 [56 Cal.Rptr. 782] (possession of burglar's tools, possession of revolver by felon).)

Second, is the propriety of separate prosecutions for related offenses committed concurrently with each other. There is little doubt that in future prosecutions for simultaneous possession of different kinds of narcotics joinder in one proceeding will ordinarily be required. However, the adoption of this rule does not leave a defendant free to manipulate law enforcement procedure for his own purposes in order to acquire immunity for a greater offense by hurrying through or concealing a prosecution for a lesser offense. Such maneuvering was anticipated in *Kellett*: ''We recognize that in many places felonies and misdemeanors are usually prosecuted by different public law offices and that there is a risk that those in charge of misdemeanor prosecutions may proceed without adequately assessing the seriousness of a defendant's conduct or considering whether a felony prosecution should be undertaken. When the responsibility for the prosecution for the higher offense lies with a different public law office there is also the risk that a well advised defendant may plead guilty to misdemeanor to foreclose a subsequent felony prosecution the misdemeanor prosecutor may be unaware of or may choose to ignore. In such situations the risk that there may be waste and harassment through both a misdemeanor and felony prosecution may be outweighed by the risk that a defendant guilty of a felony may escape proper punishment. Accordingly, in such cases section 654 does not bar a subse-

922

quent felony prosecution except to the extent that such prosecution is barred by that section's preclusion of multiple punishment." (63 Cal.2d 822, 827-828.) See also *Hampton* v. *Municipal Court,* 242 Cal.App.2d 689, 694 [51 Cal.Rptr. 760].

From this statement it is inferable that in certain situations the defendant must express his preference for a particular procedure and call the attention of the authorities to his desire for a joint prosecution of separate offenses whose primary jurisdiction lies in different courts. We think the Lopez prosecutions presented just such a case. Furthermore, the record is far from clear whether in fact he desired a joint prosecution of his several offenses or whether he was content with their separate prosecution. Before any hearing was held on the felony charge Lopez pleaded guilty to the misdemeanor charge under the name Oropeza. At his preliminary hearing on the felony charge he said nothing to the court about his plea of guilty on the misdemeanor charge although the subject came up when he objected to the offer in evidence of the barbiturates. In overruling his objection the court said, "The exhibit will be received, unless you want him to file some more counts. Why look a gift horse in the mouth?" Unlike *Kellett,* Lopez did not oppose the multiple prosecutions, and we have no way of knowing whether in fact Lopez desired a single prosecution or, whether, if one had been brought, he would have considered that his interests lay in severing the two charges. It is as arguable that he was content to keep the prosecutions separate as it is arguable that he desired them to proceed jointly. Were Lopez to be prosecuted today under the new rule, we think he would be required to claim a preference for a joint prosecution.

But since the new rule was not and could not have been known at the time of his prosecutions, should not Lopez be given the general retroactive benefit of a change in procedure which he was not required to anticipate and was excused from demanding? In other words, regardless of any expression of preference for one procedure as against another, should not the felony prosecution be voided on general principles of retroactivity? (*People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221]; *People* v. *Charles,* 66 Cal.2d 330 [57 Cal. Rptr. 745, 425 P.2d 545].) To this question no categorical answer can be given. To determine the effect on a conviction of a new procedure adopted after the conviction, we turn to the basic standard of reversible error set forth in article VI, section 13, of the California Constitution:

"No judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

■ Miscarriage of justice has been judicially interpreted to mean a reasonable probability of a more favorable outcome for the defendant. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].) ■ The rule which we therefore apply requires us to determine whether the use of the outmoded procedure so prejudiced the defendant that a more favorable verdict for him would be reasonably probable under the new procedure. The application of this rule to procedural change is illustrated in *People* v. *Charles*, 66 Cal.2d 330, 337-338 [57 Cal.Rptr. 745, 425 P.2d 545], a case involving the admission in evidence of a confession by Boddie in the joint trial of codefendants Boddie and Charles. While Boddie's confession was only received against him, it necessarily came to the attention of the court during the joint trial of both defendants. The new procedure of *People* v. *Aranda*, 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265], which requires separate trials for codefendants under such circumstances, was made retroactive, because in separate trials a confession by one defendant would not normally be brought before the court in the trial of the other, a change in procedure which, although nonprejudicial in the actual case of *Charles* because of his own confession, might reasonably be expected to change the outcome in other cases.

No comparable substantive prejudice to a defendant is involved in the situation with which we are now concerned, and indeed a powerful argument can be made that substantive prejudice is more apt to result from joint prosecution of multiple offenses than from their separate prosecution. Historically, this has been the view during the greater portion of the state's history, and until 1915 it was improper to convict for more than one offense in the same accusatory pleading. (West's Penal Code, Anno., § 954, Historical Note; *People* v. *Majors*, 65 Cal. 138 [3 P. 597, 52 Am.Rep. 295].) Normally, it is easier to defend against one crime than against two; it is possible to present inconsistent defenses in separate trials; a reasonable doubt which might carry the day against a single charge may not prevail when several charges are united in one prosecution. Without further belaboring the obvious or pushing argument to the point of special pleading, it is apparent

that at least no general rule can be laid down categorically defining substantive advantage or substantive disadvantage from the joinder or severance of related offenses.

The reasons of policy which brought about the change in procedure effected by *Kellett* had very little to do with substantive prejudice against a defendant in the trial and resolution of issues of fact. Rather they were based on the undesirability of separate prosecutions which (1) brought about needless expense of time and money to the defendant and the state alike through overlapping procedures, and (2) gave the state more than one opportunity to secure a conviction or demand the imposition of a particular sentence. Neither of these policy considerations had any current applicability to the situation in which Lopez found himself. In his case the proceedings had already taken place and separate trials had been held without objection from either party, and hence there was no possibility of avoiding the expense of overlapping proceedings in order to save the time and money of both parties. Nor was the possibility of multiple attempts to secure a conviction a potential hazard to the defendant here, since Lopez had already been convicted in both prosecutions, and no point was involved of the state unfairly seeking a second opportunity for conviction after the first had misfired, or unfairly reviving a second prosecution when dissatisfied with the sentence on the first. (*In re Grossi*, 248 Cal.App.2d 315 [56 Cal.Rptr. 375].) It is apparent that the stated considerations which led to the change of procedure in *Kellett*, had no applicability to Lopez at the time he was awaiting sentence on his conviction for possession of marijuana. Nor was any element present of improper or unethical conduct by the prosecution, or by law enforcement officers, which would have made chastisement of the prosecution for sharp practice or for actual disregard of law a factor in the disposition of the case. Here the prosecution strictly complied with the law as it then stood. (*People* v. *Rollins*, 65 Cal.2d 681, 686-687 [56 Cal. Rptr. 293, 423 P.2d 221]; *Auto Equity Sales* v. *Superior Court*, 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]; cf. *People* v. *Cahan*, 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R. 2d 513] ff; cf. *In re Grossi*, 248 Cal.App.2d 315 [56 Cal. Rptr. 375].) ▮ Under these circumstances we see no reason to apply retroactively the procedure for joint prosecution for concurrent offenses when the trials have been completed, when the defendant can derive no substantive benefit from the change, when the *Kellett* objectives of avoidance of needless

harassment and of conservation of public funds, cannot be achieved, and when the consequence of retroactive application of the new procedure would be to grant the defendant absolute immunity from prosecution. We hold the *Kellett* rule does not apply retroactively to prosecutions in which both trials were completed prior to the *Kellett* decision.

On this subject we find persuasive the opinion in *People* v. *Winchell*, 248 Cal.App.2d 580 [56 Cal.Rptr. 782], which involved separate prosecutions prior to *Kellett* for possession of burglar's tools, a misdemeanor, and for simultaneous possession by a felon of a concealable weapon, a felony. The Court of Appeal affirmed the felony conviction subsequent to *Kellett*, in spite of the defendant's contention that the prosecution was barred because of his prior sentence for the misdemeanor of possession of burglar's tools. In refusing to vacate the felony judgment the court found significant the good faith of the prosecution in proceeding in accordance with the law as it then stood, and equally significant the conduct of the defendant in hurrying along the misdemeanor prosecution in an attempt to acquire immunity from the felony charge.

The order granting a new trial and setting aside the information is reversed, and the cause is remanded for sentence. Needless to say the trial court in passing sentence is free to consider all present aspects of the case, including the time which has elapsed since the original conviction, the sentence served on the barbiturates charge, the defendant's conduct since his conviction, and the defendant's current behavior, and to impose whatever sentence, if any, may be appropriate
Order reversed.

Roth, P. J., and Herndon, J., concurred.