[Crim. No. 13734.    Second Dist., Div. One.    Jan. 31, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. SAMUEL BELL, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

WOOD, P. J.—In an information defendant was accused of violating section 11530.5 of the Health and Safety Code (possession of marijuana for sale). His motion to set aside the information was granted. The People appeal from the order setting aside the information. (Pen. Code, § 1238, subd. 1.)

In a complaint filed in the municipal court the defendant was charged, in count 1, with violating the provisions of section 11530.5 of the Health and Safety Code, a felony, and in count 2 with violating the provisions of section 11910 of the Health and Safety Code (possession of dangerous drug [amphetamine sulphate] without prescription), a misdemeanor. He pleaded guilty to count 2, in the municipal court, and, upon the sentence pronounced thereon, he served a term of imprisonment in jail.

At the preliminary examination on count 1 of the complaint, the defendant made a motion, based upon section 654 of the Penal Code, to dismiss count 1. The motion was denied. (Section 654 of the Penal Code provides in part that an act made punishable in different ways by different provisions of the Penal Code may be punished under any of such provisions, but in no case can it be punished under more than one, and a conviction and sentence under any one bars a prosecution for the same act under any other.)

Some of the evidence at the preliminary examination was as follows: On November 17, 1966, officers who had a warrant to search defendant's person saw him park his automobile near a liquor store and alight from the automobile with a paper sack in his hand. When the officers approached defendant, he threw the sack to the ground in front of his automobile. One of the officers retrieved the sack, which contained marijuana packaged for sale, and defendant was arrested. One of the officers searched the defendant, and found, in a pocket of his pants, a vial containing amphetamine sulphate.

The magistrate made an order committing defendant for trial in the superior court. The superior court, as previously stated, granted defendant's motion to set aside the information.

■ Appellant (People) contends that defendant's conviction and sentence for violating section 11910 of the Health and Safety Code (possession of amphetamine sulphate, a misdemeanor) did not bar his prosecution for violating section 11530.5 of the Health and Safety Code (possession of marijuana for sale, a felony). ·

As previously stated, section 654 of the Penal Code provides ·that there may not be multiple punishment for an act made punishable by different provisions of the Penal Code. In *People* v. *Lopez*, 169 Cal.App.2d 344 [337 P.2d 570], defendant had possession of three separate narcotics (heroin, marijuana, and amidone). He was accused, and found guilty, of three separate offenses (possession of heroin, marijuana,[1] and amidone, in violation of section 11500 of the Health and Safety Code). On appeal, defendant contended (pp. 350-351) that he had been punished "three times for a single act in violation of section 654." The court said (p. 351) : "Contrary to his contention that defendant's possession of all three was a single act, the possession of each of the three different and distinct types of narcotics, even at the. same time, constituted three offenses."

.. In *People* v. *Lopez*, 251 Cal.App.2d 918, 921 [60 Cal. Rptr. 72], defendant had in his possession marijuana and hypnotic drugs. The court reversed an order granting a new trial and setting aside the information, and said that ". . . the rule prohibiting multiple punishment of the same act under different provisions of the Penal Code (Pen. Code, § 654) has no relevancy to punishment for simultaneous possession of different kinds of narcotics."

In the present case, defendant had in his hand a sack which contained marijuana packaged for sale. Such possession was a felony under section 11530.5 of the Health and Safety Code. When defendant threw the sack away, one of the officers retrieved it. A search was then made of defendant's person, and the.vial of amphetamine sulphate was found in his pocket. His possession of the amphetamine sulphate was a misdemeanor under section. 11910 of the Health and Safety Code. The possession of the marijuana and the amphetamine sulphate con-

---

· [1]Prior to 1959 Amendments to Health and Safety Code, possession of marijuana was punishable under section 11500 of said code.

stituted separate offenses, and the provisions of section 654 did not preclude prosecution and punishment for both offenses. (*People* v. *Lopez, supra* (251 Cal.App.2d 918 [60 Cal.Rptr. 72]) ; *People* v. *Lopez, supra* (169 Cal.App.2d 344 [337 P.2d 570]).) The offenses were prosecuted in a single criminal action. (See *People* v. *Seiterle,* 59 Cal.2d 703, 712 [31 Cal.Rptr. 67, 381 P.2d 947].) The court erred in setting aside the information.

The order (setting aside information) is reversed.

Fourt, J., and Lillie, J., concurred.