Filed 1/6/14  P. v. Murguia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055598 |
| v. | (Super.Ct.No. RIF10000348) |
| GREGORIO MURGUIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.  Affirmed as modified.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Gregorio Murguia, guilty of possessing marijuana in prison (Pen. Code, § 4573.6)[1] and possessing marijuana for sale (Health & Saf. Code, § 11359). The trial court found true the allegations defendant suffered (1) a prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), and (2) a prior conviction for which he served a prison term (Pen Code, § 667.5, subd. (b)). The trial court sentenced defendant to prison for a term of eight years, four months.

Defendant raises three issues on appeal. First, defendant asserts the trial court erred by allowing the prosecution to present evidence of defendant's uncharged criminal conduct. (Evid. Code, § 1101, subd. (b).) Second, defendant asserts the trial court should have applied Penal Code section 654 when sentencing defendant for the two offenses. Third, defendant contends the trial court may have misunderstood its discretionary authority at the sentencing hearing, and therefore the matter should be remanded for resentencing. We affirm the judgment. We stay defendant's sentence for possessing marijuana for sale (Pen. Code, § 654), but otherwise affirm the judgment

**FACTUAL AND PROCEDURAL HISTORY**

Defendant was incarcerated at the California Rehabilitation Center in Norco. Defendant resided in a dormitory that consisted of 50 bunk beds, 100 beds in total, in an open space—without individual cells. On October 4, 2009, Correctional Officer Moeller was searching the dormitory when he noticed defendant "fumbling" with his

---

[1] All subsequent statutory references will be to the Penal Code unless indicated.

2

sleeve. Moeller searched defendant and found a cellular telephone in the sleeve of defendant's sweatshirt.

Moeller searched defendant's locker. Inside the locker, Moeller found 12 bindles of marijuana. The bindles had a combined total weight of 3.3 grams, without packaging. Correctional Officer Vega opined the bindles could be worth $40 to $50 each in prison. Vega believed that an inmate who possesses individually wrapped portions of a drug in a concealed location and also possesses a cellular telephone is involved in selling the drug.

On June 20, 2003, City of Huntington Park Police Sergeant Chacon saw defendant riding a bicycle in an area known for narcotics sales. Chacon searched defendant and found seven bindles of marijuana. Chacon believed defendant possessed the seven bindles for the purpose of selling them, based upon the portioned packaging of the drug.

## DISCUSSION

### A.    PRIOR OFFENSE EVIDENCE

#### 1.    *PROCEDURAL HISTORY*

During motions in limine, the prosecutor moved to introduce evidence that defendant had previously been "found by officers walking down the street with a loaded weapon, with 13 baggies of methamphetamine, one baggy with three rocks of cocaine and seven baggies of marijuana." Specifically, the prosecutor wanted to present evidence that defendant possessed the seven baggies of marijuana and testimony that an officer believed defendant possessed the marijuana for sale. (Evid. Code, § 1101, subd.

3

(b).)  The prosecutor asserted the evidence was relevant to show defendant's "knowledge and . . . intent," specifically, that defendant intended to sell the marijuana he possessed in prison.  The prosecutor argued any prejudicial effect did "not exist," because it was "the same conduct, the same drug" as charged in the current case.

The trial court found the prior offense evidence was relevant to proving an intent to sell, but concluded mentioning the methamphetamine or rock cocaine would be too prejudicial.  Defendant's trial counsel asserted the evidence concerning the prior marijuana possession would also be prejudicial because the primary issue at the current trial would be whether defendant possessed the marijuana, in particular, whether defendant knew the marijuana was in his locker.  Further, defendant's trial counsel argued the prosecution was trying use the prior offense evidence purely to prove defendant's propensity to commit the charged crimes, e.g., to show defendant "was a drug dealer on the street, so he's a drug dealer in prison."

The trial court ruled the prior offense evidence could be presented to the jury, but there could be no mention of possible gang affiliation, weapon possession, methamphetamine, or cocaine.  The trial court believed defendant's prior possession of seven baggies of marijuana "adds to the issue of whether or not he intended it for sale."

2.     *ANALYSIS*

Defendant contends the trial court erred by allowing the prosecutor to present evidence of defendant's prior offense.  (Evid. Code, § 1101, subd. (b).)  We disagree.

4

"'Evidence that a defendant has committed crimes other than those currently charged is not admissible to prove that the defendant is a person of bad character or has a criminal disposition; but evidence of uncharged crimes is admissible to prove, among other things, the identity of the perpetrator of the charged crimes, the existence of a common design or plan, or the intent with which the perpetrator acted in the commission of the charged crimes. [Citation.] Evidence of uncharged crimes is admissible to prove identity, common design or plan, or intent only if the charged and uncharged crimes are sufficiently similar to support a rational inference of identity, common design or plan, or intent. [Citation.]' [Citation.]" (*People v. Foster* (2010) 50 Cal.4th 1301, 1328.)

"'The least degree of similarity (between the uncharged act and the charged offense) is required in order to prove intent. [Citation.] . . . In order to be admissible to prove intent, the uncharged conduct must be sufficiently similar to support the inference that the defendant "'probably harbor[ed] the same intent in each instance.' [Citations.]" [Citation.]' [Citation.]" (*People v. Foster*, *supra*, 50 Cal.4th at p. 1328.)

"If evidence of prior conduct is sufficiently similar to the charged crimes to be relevant to prove the defendant's intent . . . , the trial court then must consider whether the probative value of the evidence 'is "substantially outweighed by the probability that its admission [would] . . . create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." [Citation.]' [Citation.] 'Rulings made under [Evidence Code sections 1101 and 352] are reviewed for an abuse of discretion. [Citation.]' [Citation.] 'Under the abuse of discretion standard, "a trial court's ruling

5

will not be disturbed, and reversal . . . is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." [Citation.]' [Citation.]" (*People v. Foster*, *supra*, 50 Cal.4th at pp. 1328-1329.)

The charged and uncharged crimes are similar because they both involve defendant possessing multiple bindles of marijuana, which law enforcement officers opined were possessed for purposes of sale. The crimes involved the same drug and the same offense—possession for sale. Thus, the trial court could reasonably conclude the charged and uncharged crimes were similar.

As to probative value, the uncharged offense was relevant to proving the charged crime of possessing marijuana for sale (Health & Saf. Code, § 11359), because the elements of the charged offense include (1) defendant had the intent to sell the drug, and (2) defendant had knowledge of the drug's presence and illegal character. (*People v. Harris* (2000) 83 Cal.App.4th 371, 374.) Defendant's past offense was relevant to showing defendant possessed the marijuana to sell, as opposed to possessing it merely for his own consumption. The past offense also helped to prove defendant knew of the drug's illegal character. Accordingly, the court could reasonably conclude the prior offense evidence had probative value.

In regard to the prejudicial effect of the prior crime evidence, only one witness testified about the prior crime and the testimony was brief, so the evidence did not consume an undue amount of time. While the charged and uncharged offenses were similar, there were differences that would have allowed the jury to distinguish the

6

crimes so as not to confuse them. For example, the prior offense occurred while defendant was riding a bicycle in Huntington Park, while the charged crime took place in prison, in Norco. Given the disparate settings, it is unlikely a trier of fact would mistake the two offenses.

In sum, the prior crime evidence had probative value and a low risk of creating a prejudicial effect. Accordingly, we conclude the trial court acted within its discretion when granting the prosecutor permission to present the prior crime evidence.

Defendant asserts the prior crime evidence did not have probative value because it was merely used to show defendant's propensity for selling marijuana. Defendant's argument is not persuasive because the prior offense helped to show defendant knew about the drug's illegal character and also that he was not merely storing the drug for his personal use. For example, a logical defense argument would have been that defendant did not possess the drug for sale, rather he had it for his own personal consumption, and defendant broke the drug into smaller portions to lower the risk of it being detected by correctional officers when he took it out to consume it. The fact that defendant had previously been caught with small bindles helped to prove that defendant, in fact, planned to sell the drug. Thus, we are not persuaded the prior offense evidence was merely used to prove defendant's propensity for selling drugs.

Defendant asserts the admission of propensity evidence violated his right of due process. Since we have concluded the prior offense evidence was relevant to proving elements of the charged offense, we disagree with defendant's premise that this evidence was propensity evidence. As a result, we do not address the due process issue.

7

B.     SECTION 654

1.     *PROCEDURAL HISTORY*

When discussing the possibility of instructing the jury on alternative charges (where a dual conviction is prohibited) (CALCRIM No. 3516) the trial court made the following remarks: "Here's the issue: It's going to be—the difference—I don't think it's ultimately going to make a difference in the sentence if the defendant's convicted. It's a legal issue of whether it's [section] 654 or [CALCRIM No.] 3516, because on the facts presented here, even if the defendant is convicted, I can't sentence him separately for the two charged crimes, so in the sense, it's a theoretical—I mean, it's a—it will get sent back, but it will get sent back because it should have been, you know—if they come back guilty on both then [¶] . . . [¶] . . . if they're du[a]l—if [CALCRIM No.] 3516 was the correct instruction, then it will be sent back if he's convicted on both, because he couldn't be convicted on both, but in either case, it's either going to be that I was wrong and should have given [CALCRIM No.] 3516 or it was a 654 issue. I can't find anything specifically on it."

The trial court concluded, "[S]o it's not a lesser included offense, but I guess we'll leave it to the authorities. I'm going to treat it as a [section] 654 issue. It's not one of the ones specifically listed. Unless there's an objection, I'm going to stick with [CALCRIM No.] 3515 in lieu of [CALCRIM No.] 3516 and do it [section] 654 for sentencing. I don't think we're going to get a big argument under [section] 654 unless for some odd reason the defendant were convicted of both."

8

The jury found defendant guilty of possessing marijuana in prison (Pen. Code, § 4573.6) and possessing marijuana for sale (Health & Saf. Code, § 11359). The trial court sentenced defendant to a term of six years for possessing marijuana in prison, and a consecutive term of one year, four months for the sales offense. The trial court did not mention section Penal Code 654 when pronouncing defendant's sentence.

2. *ANALYSIS*

Defendant contends the trial court erred by not applying section 654 because the separate prison terms are punishing a single act. We agree.

We apply the substantial evidence standard of review. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1296.) Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Thus, "'a single possession . . . on a single occasion may be punished only once under section 654.' [Citation.]" (*People v. Jones* (2012) 54 Cal.4th 350, 357.) Thus, a central question in the section 654 analysis is whether there is a single *physical* act, as opposed to *criminal/legal* acts. (*Jones*, at pp. 355-357.)

Possessing volumes of a single substance in the same location at the same time is a single act. (*People v. Schroeder* (1968) 264 Cal.App.2d 217, 228.) In this case, there is a only a single act underlying defendant's convictions: possession of marijuana located in defendant's locker. Thus, there is a single physical act of possession: one

9

substance, one location, and one time. As a result, the trial court should have applied section 654 to the lesser sentence because there was only one act.

Our analysis is unaffected by the very real possibility that defendant harbored multiple criminal objectives in possessing the marijuana. The number of criminal objectives a defendant entertains is only relevant in cases involving multiple physical acts. (*People v. Mesa* (2012) 54 Cal.4th 191, 199.) There is only a single physical act in this case. So, rather than attempting to divine what possible objectives defendant might have had in possessing the marijuana, "we find it better to rely on [Penal Code] section 654's actual language in resolving this single-act case." (See *People v. Jones*, *supra*, 54 Cal.4th at p. 360.) In so doing, our analysis becomes simple: The trial court imposed multiple sentences on a single physical act. Under *Jones*, this was impermissible. Defendant's one year, four month prison term for possessing marijuana for sale (Health & Saf. Code, § 11359) (Count 2) must be stayed pursuant to Penal Code section 654.

The People assert defendant's possession of marijuana constituted two acts because defendant could have intended to sell a portion of the drugs while keeping the remaining portion for himself. We agree that selling drugs and possessing drugs are two separate offenses. However, defendant was not convicted of selling and possessing. He was convicted of two crimes of possession; one concerned the location of the possession and the other concerned the reason for the possession. Defendant was not convicted of selling marijuana.

10

For example, in *People v. Goodall* (1982) 131 Cal.App.3d 129, 135-136, four defendants were convicted on three counts:  possession of PCP ingredients with intent to manufacture PCP, possession of PCP for sale, and manufacturing PCP.  In that case, there was evidence the defendants manufactured some PCP, intended to sell a portion of the PCP in their possession, and planned to use the ingredients to manufacture more PCP.  (*Id.* at p. 147.)  The appellate court noted the crimes could be viewed as "part of an indivisible course of conduct with a single objective," or as having multiple criminal objectives.  Since the court was applying the substantial evidence test, it upheld the trial court's conclusion that there were multiple criminal objectives.  (*Id.* at p. 148.)

Our case is distinguishable from *Goodall*.  In *Goodall*, the defendants possessed two separate substances—PCP and the components to make PCP.  The *Goodall* defendants also committed two separate physical acts:  possession and manufacturing. In the instant case, there is one act and one substance:  possession of marijuana in a locker.  Thus, we are not persuaded by the People's argument that defendant's act can be broken into two separate acts, because possessing volumes of a single substance in the same location at the same time is a single act.  (*People v. Schroeder*, *supra*, 264 Cal.App.2d at p. 228.)

The People cite a variety of other cases to support their position that defendant's possession constitutes two acts; however, all the cases suffer from the same issue of involving two different substances or two different locations.  (*People v. Briones* (2008) 167 Cal.App.4th 524, 528-530 [methamphetamine and heroin]; *People v. Bell* (1968) 258 Cal.App.2d 450, 452-453 [marijuana and amphetamine sulphate]; *People v. Von*

11

*Latta* (1968) 258 Cal.App.2d 329, 340 [possession of marijuana in Garden Grove and Newport Beach].)  As set forth *ante*, defendant's act involves a single substance in a single location at one time, thus, creating only one physical act of possession.

    C.      <u>SENTENCING DISCRETION</u>

        1.      *PROCEDURAL HISTORY*

At the sentencing hearing, the trial court noted that the probation report set forth "several alternatives" and the trial court was following the report "in part."  The court sentenced defendant to the midterm for the principle count of possessing marijuana in prison.  The court considered mitigating factors, such as "defendant's personal situation," in that defendant was "making an attempt to rehabilitate himself."  However, the court found those mitigating factors were balanced by defendant's "prior record," which reflected "ongoing issues with substance abuse."  Thus, the court concluded the midterm was appropriate.

Next, the trial court stated it had discretion to "run this case concurrent or consecutive," and then stated it would select a concurrent sentence.  The prosecutor stated the sentence had to be consecutive, due to defendant's prior strike conviction. The trial court acknowledged the prosecutor was correct and imposed consecutive prison terms.

        2.      *ANALYSIS*

Defendant contends the case should be remanded for resentencing because the trial court was unaware of the sentencing discretion it had as evinced by (1) the court not applying section 654, (2) the court not applying the low term, (3) the court imposing

consecutive rather than concurrent terms, and (4) the court not striking the sentence for the prison prior. We disagree.

Where the record reveals the court was unaware of its discretion a defendant is entitled to remand for resentencing. (*People v. Askey* (1996) 49 Cal.App.4th 381, 388.)

The section 654 issue is moot given our conclusion *ante*. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1280 [when no effective relief can be granted the issue is moot].) As to the other issues, defendant asserts the trial court, upon learning it had to impose a consecutive term, appeared not to realize that it could have imposed the low term and struck the sentence for the prison prior. It appears defendant is questioning why the court did not reverse-engineer a lower sentence upon learning that consecutive, rather than concurrent terms, would be required. Given the trial court's thoughtful comments concerning its reasons for selecting the midterm, and the prosecutor's reasons for why consecutive terms were required, we are not persuaded that the trial court was acting without knowledge of its discretionary authority when sentencing defendant, because the record reflects why the sentencing choices were made, which ergo reflects knowledge that other choices could have been made. In sum, we conclude the trial court did not err.

## DISPOSITION

Defendant's sentence for Count 2 (Health & Saf. Code, § 11359) is modified to reflect the sentence is stayed pursuant to Penal Code section 654. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to

the Department of Corrections and Rehabilitation.  (Pen. Code, §§ 1213, 1216.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.