[No. 20577.   In Bank. — June, 10, 1890.]

## THE PEOPLE, RESPONDENT, *v.* NELLIE WOODS, APPELLANT.

CRIMINAL LAW — GRAND LARCENY — REVERSAL OF ORDER GRANTING NEW TRIAL — CHANGING PLEA — JURISDICTION. — When the supreme court has reversed an order of the superior court granting a new trial to a defendant convicted of grand larceny, the superior court can only render an appropriate judgment and sentence upon the verdict, and has no jurisdiction to entertain any other plea, or to sentence the defendant upon his plea of guilty of petit larceny.

ID. — FRAUD UPON COURT — VACATING VOID SENTENCE — SECOND SENTENCE. — The superior court having been induced by fraud and deceit to render a sentence which is in fact void for want of jurisdiction, though believed to be within its jurisdiction, owing to false representations made to the court as to the *status* of the cause, it is competent for the court to vacate such sentence, and to render the proper sentence upon the verdict.

ID. — ONCE IN JEOPARDY — VOID PROCEEDINGS. — When a plea of guilty of petit larceny is received without jurisdiction, and sentence rendered thereon, after a reversal of an order granting a new trial under a verdict of guilty of grand larceny, the defendant was never in jeopardy so far as the proceedings based upon that plea were concerned, so as to preclude a proper judgment upon the verdict of guilty of grand larceny.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The defendant was convicted of grand larceny on November 13, 1883. The superior court granted a new trial on November 20, 1883, which order was reversed on March 22, 1884, by the supreme court, whose opinion is reported in 65 Cal. 121. On December 15, 1886, the defendant was allowed to withdraw her former plea of not guilty and to substitute a plea of guilty of petit larceny, and sentenced to pay a fine of one hundred dollars, the court being deceived and misled in the matter by the representations of counsel, as stated in the opinion. On December 21, 1886, the sentence imposing the fine was set aside, and it was ordered that the money paid thereunder be refunded, and that the

defendant appear on January 8th for sentence, and that a bench-warrant be issued for her arrest; but no sentence appears to have been actually rendered upon the conviction for grand larceny until May 31, 1888.   Further facts are stated in the opinion.

*Eugene N. Deuprey,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — This appeal is from a judgment of conviction of a felony, and an order denying a new trial.

The defendant was indicted for grand larceny, and convicted as charged; the trial judge then granted a motion for a new trial; an appeal was taken from the order made in that behalf, and the appellate court reversed the order.   Upon the going down of the *remittitur,* the only duty to be performed by the trial court was to render judgment upon the verdict; instead of doing this, that tribunal was deceived into the belief that the appellate court, instead of reversing an order granting a new trial, had reversed an order refusing a new trial, and that there was no sufficient evidence which could be obtained to convict the defendant, and permitted the plea of not guilty to be withdrawn, and a plea of guilty of petit larceny to be entered.

It also appears that upon such last plea being entered, the court rendered judgment sentencing the defendant to pay a fine of one hundred dollars, which fine was paid and the defendant discharged from custody.

Six days after the entry of this judgment, the court, discovering the deceit which had been practiced upon it, set aside the judgment, and ordered the defendant's money to be returned to her which she had paid as a fine.   It also ordered a bench-warrant to issue for her arrest, and fixed a day for sentence.   A very considerable period of time elapsed between the date of the order setting aside the judgment for the payment of the fine

and that of the day on which the judgment now appealed from was made and entered.

It is very evident that when the appellate court reversed the order granting a new trial, the only duty left for the performance of the trial court was to render an appropriate judgment and sentence upon the verdict which the jury had returned of guilty of grand larceny, and which the appellate tribunal, by its action, had upheld. The trial court then had no jurisdiction to entertain any other plea than that which had been passed on by the jury. And it appears, from this record, that its action would have been in accordance with this view had it known the condition of the cause. But being deceived into the belief that the case stood for retrial, it permitted a plea to be entered, which, in such a *status* of the case, had it existed, it would have possessed the power and jurisdiction to do. As the trial court had no jurisdiction to entertain or allow such a plea to be entered, and no power to render judgment on such a plea, but only power in obedience to the ruling of the appellate court to make and enter its judgment and sentence on the verdict of the jury as returned by that body, it follows that the judgment on the plea of guilty of petit larceny was null and void, and was properly set aside as such. That being the case, the defendant was never in jeopardy, so far as the proceedings based upon that plea were concerned, and judgment was properly rendered on the verdict of guilty, returned by the jury on the trial for grand larceny.

For these reasons, we advise that the judgment and order be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.