[Civ. No. 29813.    Second Dist., Div. Two.    June 6, 1966.]

D. C. HAMPTON, Plaintiff and Appellant, v. THE MUNICI-PAL COURT OF THE PASADENA JUDICIAL DIS-TRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Hollopeter & Terry and Don H. Terry for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Byron B. Gentry, City Prosecutor, for Real Party in Interest and Respondent.

HERNDON, J.—Appellant petitioned the court below for a writ of prohibition to restrain the Municipal Court of the Pasadena Judicial District from trying him upon a charge of violating section 14601 of the Vehicle Code by driving a motor vehicle upon a public highway at a time when his operator's license had been revoked. The complaint alleges three prior convictions of appellant on the same charge.

As will be shown, appellant contrived to lay the foundation for his present contention that further prosecution of the pending charge is barred by the provisions of Penal Code section 654 which prohibit multiple prosecutions for any single act or omission. The essence of his plan was to enter a plea of guilty to a charge of driving without having his operator's license in his immediate possession, a relatively trivial offense, of which he knew he was *not* guilty and this for the express purpose of immunizing himself against further prosecution for the more serious offense of driving at a time when his operator's license had been revoked.

Petitioner does not deny respondent's allegation that his license to operate a motor vehicle in the State of California had been revoked some time prior to May 8, 1965. Nevertheless, on this date at approximately 2:30 a.m., he was driving an automobile in the City of Pasadena when he was stopped by an officer of that city. The officer issued a citation charging him with violating section 12951 of the Vehicle Code in that he was driving without an operator's license in his immediate possession.[1] The appearance date specified on this citation was May 25, 1965.

---

[1] Prior to its amendment in 1965, and at the time of the offense here in question, section 12951 provided as follows:

For rather obvious reasons, appellant has made no disclosure, either by his petition or otherwise, of the nature of the statements which of necessity he made to the police officer in response to the demand that he display his driver's license. It goes without saying, of course, that he did *not* tell the officer that he had no license or that his license had been revoked, because such a disclosure quite obviously would have subjected him to arrest and prosecution for a violation of section 14601 of the Vehicle Code,[2] a far more serious offense. (Cf. Veh. Code, § 40303, subd. (i).) Such disclosure would have made it clearly inappropriate for the officer to issue a citation requiring the citee to appear in court to answer a charge of violating section 12951.

Thereafter and prior to the date set for appellant's appearance on the citation, information was furnished the office of the city prosecutor disclosing the true status of appellant as a person who was not a licensee within the purview of the Vehicle Code, but in fact was a person whose license and driving privileges had been revoked. A formal complaint was filed with the court charging appellant with a violation of section 14601. Notice was thereupon given appellant requiring him to appear on May 26, 1965, for arraignment upon this charge.[3]

After consultation with counsel, appellant appeared on May 25, 1965, and entered a plea of guilty to a violation of section

"*The licensee* shall have *the license issued to him* in his immediate possession at all times when driving a motor vehicle upon a highway and when driving shall *display the same* upon demand of a peace officer enforcing the provisions of this code.

"Any charge under this section shall be dismissed when the person charged produces in court a driver's license duly issued to such person and valid at the time of his arrest, except that upon a third or subsequent charge under this section the court in its discretion may dismiss the charge." (Italics added.)

[2]Section 14601 then provided as follows:

"(a) No person shall drive a motor vehicle upon a highway at any time when his driving privilege is suspended or revoked and the person so driving has knowledge of either such fact.

"(b) A second or any subsequent conviction under this section shall be punished by imprisonment in the county jail for not less than five days nor more than six months.

"(c) Any person convicted of a second or subsequent offense under this section shall not be granted probation by the court, nor shall the court suspend the execution of the sentence imposed upon such person." (Stats. 1963, ch. 155, p. 822.)

[3]Later when the office of the city prosecutor received information disclosing appellant's prior convictions, a second complaint was filed adding only the allegation of the prior convictions. Pursuant to stipulation, the court ordered that an amended complaint be filed and dismissed the previous ones.

12951 as charged in the original traffic citation. A fine of $25 was imposed and paid. The city prosecutor did not participate in this proceeding and evidently had no knowledge of it.

On the following day, May 26, 1965, appellant appeared in the municipal court with counsel to answer to the charge that he had violated section 14601 of the Vehicle Code. He moved that this charge be dismissed on the ground that prosecution thereof was barred by virtue of the fine previously imposed upon him after his plea of guilty on the traffic citation. The court continued the matter to June 7, 1965, for further proceedings and ordered appellant's counsel to give notice of the pending motion to the office of the Pasadena City Attorney.

On June 7, 1965, during the argument upon the motion to dismiss the complaint charging the violation of section 14601, counsel for appellant stated that both he and appellant were aware of the fact that appellant was not a "licensee" and therefore could not have been guilty of violating section 12951, but that the plea of guilty to this erroneous charge was entered by appellant for the sole purpose of barring the pending prosecution for the violation of section 14601, by invoking the provisions of section 654 of the Penal Code. Allegations to this effect contained in respondent's answer are undisputed.

Appellant's motion to dismiss the complaint was denied by the municipal court on June 7, 1965. Thereafter appellant initiated the instant proceeding by petitioning the superior court for a writ of prohibition. That petition was denied and the present appeal followed.

In material part, section 654 provides as follows: "An act or omission *which is made punishable in different ways by different provisions of this Code* may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." (Italics added.)

It requires no extended esoteric analysis of the subtleties of section 654 of the Penal Code to demonstrate that the basic condition precedent to its application is that the act or omission in question must be made punishable in different ways by different statutory provisions. In view of the uncontradicted facts of the instant case, it is clear that appellant's act of driving a motor vehicle while his license was revoked is punishable under one statute and one statute only, i.e., section 14601 of the Vehicle Code. Appellant's ability

voluntarily to seek and obtain punishment under a section that had no applicability to his conduct does not alter this simple truth.

Of course, even if this were a case involving an act punishable under two different statutes, and even if the problem were one of double jeopardy or double punishment, rather than one purportedly concerned with vexatious double prosecutions, appellant's conduct herein would foreclose him from urging such defenses.

"If the former conviction was procured by the fraud, connivance, or collusion of the defendant, it is no bar to a subsequent prosecution, and the defendant's plea of 'prior conviction' or 'former jeopardy' is ineffective." (14 Cal.Jur. 2d, Criminal Law, § 178, p. 420. Cf. also *Coumas* v. *Superior Court,* 31 Cal.2d 682, 688 [192 P.2d 449]; *People* v. *McDaniels,* 137 Cal. 192, 199 [69 P. 1006, 92 Am.St.Rep. 81, 59 L.R.A. 578]; *People* v. *Woods,* 84 Cal. 441, 443 [23 P. 1119].)

"Where a former conviction by plea of guilty was, by reason of fraud or collusion, a sham proceeding engineered by the accused for the purpose of defeating a subsequent prosecution, and resulted in the accused's procuring an inadequate penalty, the cases have generally held that it would not constitute a bar to the second prosecution of the accused for the same offense." (75 A.L.R.2d 691-692, § 4.)

Since appellant's statements and representations made at the time he received the citation in question and at the time he entered his plea of guilty thereto are not disclosed either by his petition or by any transcript of the proceedings, it might not be appropriate to say that he procured his "conviction" fraudulently. However, the facts which he does disclose prove beyond any doubt that his "conviction" was procured with his connivance and collusion. He frankly admits that his purpose in falsely pleading guilty to a trivial charge he knew to be inapplicable and paying a wholly inadequate penalty was to bar the prosecution of a pending charge which calls for a mandatory jail sentence (Veh. Code, § 14601), and an extension of the period during which the revocation of his license would continue (Veh. Code, § 13364).

Our Supreme Court's most recent pronouncements on the subject of multiple prosecutions make clear the inappropriateness of appellant's contentions herein, even if section 654 were otherwise applicable. In *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827-828 [48 Cal.Rptr. 366, 409 P.2d 206], the court stated:

"If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted. When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.

"We recognize that in many places felonies and misdemeanors are usually prosecuted by different public law offices and that there is a risk that those in charge of misdemeanor prosecutions may proceed without adequately assessing the seriousness of a defendant's conduct or considering whether a felony prosecution should be undertaken. When the responsibility for the prosecution for the higher offense lies with a different public law office there is also the risk that a well advised defendant may plead guilty to a misdemeanor to foreclose a subsequent felony prosecution the misdemeanor prosecutor may be unaware of or may choose to ignore. Cases may also arise in which the district attorney is reasonably unaware of the felonies when the misdemeanors are prosecuted. *In such situations the risk that there may be waste and harassment through both a misdemeanor and felony prosecution may be outweighed by the risk that a defendant guilty of a felony may escape proper punishment. Accordingly, in such cases section 654 does not bar a subsequent felony prosecution except to the extent that such prosecution is barred by that section's preclusion of multiple punishment.*" (Italics added.)

The factors relevant to the application of prohibitions against multiple prosecutions are well summarized in Comments, 11 Stan.L.Rev. 738-739:

"While the prohibition against double punishment requires a determination of legislative intent, the protection against double prosecution compels the court to determine the fairness of requiring the defendant to submit to a second trial. The

latter prohibition is in the nature of a procedural protection, limiting the number of times a defendant can be brought to trial for the same conduct, regardless of the number of substantive offenses committed. Such protection is premised on the notion that if the state has had the opportunity at one trial to secure punishment for every substantive offense arising from a single transaction, the defendant should not be subjected to the ordeal of a second trial, and the public should not be burdened by the expense of unnecessary litigation. However, where the court fears that a defendant may escape punishment, it may be more willing to relax the protection of double jeopardy and permit more than one prosecution for the consequences of a single criminal transaction. In such a case, the courts may be influenced by the fact that the offenses arising from a single transaction are not yet known or not yet consummated, or that more time is needed to collect evidence as to one of the offenses.''

Sound law and simple justice dictate that appellant in this case should be required to stand trial upon the pending complaint which charges him with the sole and only offense involved in his course of conduct.

The order denying the writ of prohibition is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1966.