[Civ. No. 29817.   Second Dist., Div. Five.   June 22, 1967.]

DEWEY RAYMOND GAIL, JR., Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE DOWNEY JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Young & Henrichsen and C. B. Henrichsen for Plaintiff and Appellant.

Evelle J. Younger, District Attorney, Harry Wood, Wilber A. Sweeters and Donald J. Kaplan, Deputy District Attorneys, for Real Party in Interest and Respondent.

No appearance for Defendant and Respondent.

FRAMPTON, J. pro tem.*—All sections cited herein, unless otherwise specified, refer to sections of the Vehicle Code.

On September 5, 1964, the appellant, while driving a motor vehicle on a public highway within the Downey Judicial District of the County of Los Angeles, was cited for violating the provisions of sections 22408 (drawing another vehicle in excess of 50 miles an hour), 23123 (keeping opened receptacle containing alcoholic beverage), and 12951 (driving without license in immediate possession). On September 24, 1964, the appellant entered his plea of guilty to each of the foregoing charges, and was sentenced to pay a fine. He paid the fine imposed. Subsequently, it was discovered that on September 5, 1964, the appellant's license to drive had been suspended or revoked. A new complaint was then filed in the Municipal Court of the Downey Judicial District, charging the appellant with violation of section 14601 (driving with knowledge that privilege is suspended or revoked). The charge of violation of section 14601 was predicated upon the same incident which gave rise to the citation issued on September 5, 1964.

The appellant was ordered to appear for plea on this latter charge on January 28, 1965. At this time the appellant filed a document entitled "Plea,"[1] and also a demurrer to the com-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1] COMES NOW the defendant, Dewey Raymond Gail, Jr., through his attorneys, Young and Henrichsen, by C. B. Henrichsen, and enters his

plaint upon the grounds that the court had no jurisdiction of the offense charged. The court refused to enter the appellant's written plea, overruled the demurrer, made an order entering a plea of not guilty on behalf of the defendant, and set the cause for a jury trial on February 16, 1965. On February 10, 1965, the appellant filed a petition for writ of prohibition to restrain the trial court from proceeding further with the trial. At the hearing the appellant agreed that no factual questions were before the court and no evidence was offered. The alternative writ was issued, and after a hearing, judgment was entered discharging the alternative writ and denying a peremptory writ. The appeal is from this judgment.

### The Contentions

Appellant sets forth the following as a basis upon which he claims that judgment should be reversed:

"(a). The Act Made Punishable Under Vehicle Code § 14601 Is Not A Divisible Transaction From The Act Made Punishable Under Vehicle Code § 12951 When Both Acts Arise Out Of The Same Act Of Driving

"(b). The Prohibition Of Penal Code § 654 Applies Not Only To Offenses Described In The Penal Code But Also To Those Described In The Vehicle Code

"(c). Multiple Prosecutions Arising Out Of The Same Act Of Driving Are Proscribed by Penal Code § 654."

It is apparent that the provisions of section 12951 cover a situation where a person has been issued a valid driver's license which has not been suspended or revoked, but who does not have such license in his immediate possession when an examination thereof is demanded by a peace officer who is acting in the enforcement of the provisions of the Vehicle Code. This section carries a very light penalty for multiple violations thereof, with a mandatory dismissal of the charge upon the first two citations thereunder. On the other hand, section 14601 covers a situation where the driving privilege has been revoked or suspended and a person with knowledge of such revocation or suspension nevertheless operates a motor vehicle upon a public highway. A violation of this section is

---

plea to the charge of a violation of § 14601 of the California Vehicle Code as follows:

"The defendant pleads that he has already been convicted of a violation of California Vehicle Code sections 22408, 23123 and 12951, which charges and convictions are based upon the same conduct as charged herein, by the judgment of the above-entitled Court, rendered at Downey, California, on the 24th day of September, 1964, the Honorable Carroll M. Dunnum, Judge Presiding."

considered by the Legislature to be a much more serious offense than a violation of section 12951, as the penalties which may be inflicted for a violation of the former section are much greater than those which may be inflicted under the latter section.

■ For the purpose of this appeal it is to be presumed that the peace officer who issued the citation to the appellant regularly performed his duty and that the law was obeyed. (Code Civ. Proc., § 1963, subd. 15; *People* v. *Garnett*, 148 Cal.App.2d 280, 284 [306 P.2d 571].) Under the situation as disclosed by this record, it takes no stretch of the imagination to reach the conclusion that the appellant, when asked to present his driver's license for examination by the peace officer who issued the citation (§ 12951), gave the officer an explanation which caused him to issue the citation under section 12951 instead of under section 14601. It is also apparent from the record that the prosecution is now in possession of facts which will establish that on September 5, 1964, when the citation was issued under section 12951, the appellant was in fact guilty of a violation of section 14601.

■ Under the record before us and the presumptions which arise therefrom, it appears that the appellant entered a plea of guilty to a crime of which he knew at the time that he was not guilty. Had the appellant revealed the true state of facts concerning the status of his driver's license to the peace officer at the time the citation was issued, he would have been charged with a violation of section 14601 instead of a violation of section 12951, and the charge against him would have met with the requirements of the rule as laid down in *Kellett* v. *Superior Court*, 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].

It appearing from this record that the appellant has perpetrated a fraud upon the respondent court, he may not here be heard to say that he is being subjected to double punishment for the same act. (*Hampton* v. *Municipal Court*, 242 Cal.App.2d 689, 693 [51 Cal.Rptr. 760].)

Nothing in this opinion is to be construed to preclude the appellant from showing at his trial in the municipal court that the facts are different than we presume them to be from the record before us.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied July 11, 1967.