[No. D032061. Fourth Dist., Div. One. Mar. 21, 2000.]

THE PEOPLE, Plaintiff and Appellant, v.
JOE COLIN CROWDER, Defendant and Respondent.

## Counsel

Paul J. Pfingst, District Attorney, Thomas F. McArdle and James E. Atkins, Deputy District Attorneys, for Plaintiff and Appellant.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Respondent.

## Opinion

**BENKE, J.—**

### Background

On March 26, 1998, Escondido Police Officer Robert Curtin was on evening patrol and noticed three males walking out of a parking lot. The only vehicle in the immediate vicinity was a red truck. Curtin drove around the block and ran the plates on the truck, discovering that it had been reported stolen.

By the time Curtin returned to the area, the three individuals were gone. Curtin parked his vehicle and called for a cover unit, then left his car and searched on foot for the men. A few minutes later, he located two of them standing by a different truck. Officer Curtin approached the men, one of whom was defendant Joe Colin Crowder. Curtin asked for his identification, which identified him as Joe Crowder.

Curtin noticed that Crowder exhibited symptoms of someone under the influence of a drug. Specifically, when Curtin shone his flashlight in Crowder's face, Crowder's pupils reacted slowly to the light, and the sclera of his eyes were red. Crowder's breath did not smell of alcohol. Curtin then measured Crowder's pulse at 120 beats per minute. The officer also observed a thick, white coating on Crowder's tongue, which he stated is frequently caused when people smoke stimulants such as methamphetamine and cocaine. Finally, Curtin conducted a Rhomberg test, asking Crowder to stand and estimate the passage of 30 seconds. During this time, Crowder's eyelids trembled and his head jerked once. These symptoms led Officer Curtin to suspect Crowder was under the influence of a controlled substance, possibly a central nervous system stimulant.

Officer Curtin then placed Crowder under arrest and conducted a search. In Crowder's pants, Curtin found a small, clear plastic bag containing a single off-white rock, which his training and experience led him to identify as methamphetamine. A blood sample taken shortly thereafter from Crowder revealed 98 nanograms of methamphetamine. The off-white rock was later identified as .15 grams of methamphetamine, an amount the People agreed constituted one to three doses.[1]

## PROCEDURAL HISTORY

By information filed April 22, 1998, Crowder was charged with felony possession of methamphetamine (count 1, Health & Saf. Code, § 11377, subd. (a)) and with the misdemeanor of using or being under the influence of a controlled substance (count 2, Health & Saf. Code, § 11550, subd. (a)). The information further alleged Crowder suffered four prior felony convictions which made him ineligible for probation (Pen. Code,[2] § 1203, subd. (e)(4)), had served a prior prison term (§ 667.5, subd. (b)) and had suffered a serious and/or violent felony conviction under the three strikes law (§§ 667, subds. (b)-(i), 1170.12). During his arraignment in superior court on

---

[1] Although agreeing this amount was "realistically" one to three doses, the People indicated that by DEA (Drug Enforcement Administration) standards this amount was actually "30 dosage units."

[2] All statutory references are to this code unless otherwise stated.

April 23, 1998, Crowder entered a plea of not guilty and denied all special allegations. At his readiness conference held May 7, 1998, however, he withdrew his previous not guilty plea to count 2 and entered a plea of nolo contendere to the misdemeanor. Crowder requested immediate sentencing and agreed to denial of probation. He was sentenced to 365 days in local custody and ordered to pay a restitution fine which was deemed satisfied by time served in custody.

On June 22, 1998, following a motion to continue trial, Crowder waived his right to a jury trial on count 1 and withdrew previous pleas of once in jeopardy and former judgment of conviction. He stipulated to certain facts and submitted the matter to the court based on the preliminary hearing transcript.

The trial court found Crowder guilty of count 1. Crowder then admitted the prior prison term and prior conviction.

At sentencing, the trial court concluded counts 1 and 2 must be treated as section 654 offenses based upon *People v. Holly* (1976) 62 Cal.App.3d 797 [133 Cal.Rptr. 331]. It reluctantly found there was no legal basis to vacate the misdemeanor sentence on count 2. This being the case, it imposed a five-year sentence on count 1 (middle term of four years plus one year for the prior prison term). The trial court then stayed the felony sentence on count 1 based upon section 654 and the fact Crowder had been sentenced previously on count 2. It ordered the felony sentence on count 1 deemed served upon completing of the misdemeanor sentence on count 2.

The People filed a motion to reconsider and correct the sentence. Following opposition and reply, the court took the motion off calendar.

The People filed a timely notice of appeal.

### DISCUSSION

■ The People raise two issues on appeal. They first contend the court erred in concluding that pursuant to section 654, the offenses charged must be treated as the same transaction. They also contend the trial court erred in staying the felony sentence.

We need not decide the first issue presented, as we conclude that assuming the court ruled correctly on the section 654 issue, it erred in the manner in which it sentenced respondent.

Effective January 1, 1998, section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by

different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment."

The parties do not dispute that the potential term of imprisonment for violation of count 1 (Health & Saf. Code, § 11377, subd. (a)) is seven years in state prison, while the potential term of imprisonment for violation of Health and Safety Code section 11550, subdivision (a), a misdemeanor, is one year in county jail.

In addition to the sentencing requirements of section 654, section 667, subdivision (c), provides in pertinent part: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶]

"(4) There shall not be a commitment to any other facility other than the state prison." Section 667, subdivision (f))(1), states in pertinent part: "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)." Section 1170.12, subdivisions (a)(4) and (d)(1), mirror section 667, subdivisions (c)(4) and (f)(1).

Clearly, had the court sentenced respondent on counts 1 and 2 in the same proceeding, it would have been compelled to adhere to the requirements of sections 654, 667 and 1170.12. The issue presented is whether that result differs because respondent entered a plea and was sentenced in separate superior court proceedings on counts 1 and 2. We conclude it does not.

While we have not located, nor have we been cited to, a case with facts procedurally identical to those here, there are helpful analogous situations. In *Burris v. Superior Court* (1974) 43 Cal.App.3d 530 [117 Cal.Rptr. 898], the defendant was charged in the same accusatory pleading with a misdemeanor, practicing law without a license, and two felony counts, grand theft and perjury. At his preliminary hearing in municipal court, the defendant entered a plea to the misdemeanor and was immediately sentenced to six months in county jail and a fine was imposed. The defendant later, after serving his sentence on the misdemeanor, moved to dismiss the information filed in superior court alleging the felonies, on the ground that section 654 prohibited multiple prosecution and thus multiple punishment for the felonies. The appellate court concluded section 654 did indeed apply to the three offenses and the defendant could not be subjected to multiple punishment. It concluded the municipal court had no jurisdiction to sentence the defendant

since the crime alleged had been charged in the same proceeding as the felonies. Rather, the misdemeanor sentence should have been left to the superior court. However, despite the defendant's having served his sentence on the misdemeanor, the court concluded there was no violation of the proscriptions against multiple prosecutions because the charges were all set forth in one charging document and that if convicted for the felonies, public policy required he be sentenced on the greater rather than lesser crimes. (43 Cal.App.3d at pp. 539-540.) To avoid multiple punishment, he should receive full credit for the time he served on the misdemeanor offense. (*Id.* at p. 539.) The court concluded, by stating: "Finally, we observe that, in spite of the fact that [the defendant] has served his sentence on the misdemeanor count, our holding that he nonetheless may be prosecuted on the felony counts is consistent with the sound administration of criminal justice. The People not only are entitled to prosecute a defendant in one criminal action on both felony and misdemeanor offenses arising out of the same transaction, but they are required to do so if they are, or should be, aware of the existence of such offenses. [Citation.] When the prosecution complies with the mandate of *Kellett* [v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]] by joining the misdemeanor and felony charges in a single action, the defendant cannot be permitted to contrive a procedural device to avoid prosecution for the more serious charges." (*Burris v. Superior Court, supra,* 43 Cal.App.3d at p. 540.)

In *People v. Hartfield* (1970) 11 Cal.App.3d 1073 [90 Cal.Rptr. 274], the defendant, facing a felony prosecution and a misdemeanor prosecution in different courts arising out of a single incident, entered a plea of guilty to the misdemeanor charge. He then advanced the sentencing date on the misdemeanor and obtained a judgment. On the day set for trial on the felonies, he moved to dismiss those charges on the ground section 654 precluded prosecution and hence punishment for those offenses. The court, believing it was compelled to do so, granted the motion. On appeal by the People, the court held that prosecution on the felony charges was not precluded, emphasizing that a defendant may not by connivance and concealment procure judgment on the misdemeanor case in order to claim the benefit of section 654. (11 Cal.App.3d at p. 1081.)

Further, the court addressed the prohibition against multiple punishment should the defendant be convicted of a felony. The court stated that if the defendant were subsequently convicted of one or more of the felony charges, and if the trial court determined that the felony and previously sentenced misdemeanor fall within the purview of section 654, that the trial court may satisfy the statute by sentencing on the greater offense and granting credit for time served on the lesser misdemeanor charge. (*People v. Hartfield, supra,* 11 Cal.App.3d at p. 1082.)

In *People v. Breland* (1966) 243 Cal.App.2d 644 [52 Cal.Rptr. 696], the court addressed the application of section 654 to those situations where felonies and misdemeanors are prosecuted by different agencies and where a defendant might attempt to plead guilty to the misdemeanor in order to prevent a subsequent prosecution on the felony charge. The court held that section 654 does not bar a subsequent felony prosecution except to the extent that such prosecution is barred by the section's preclusion of multiple punishment. (243 Cal.App.2d at pp. 651-652.)

The court recognized that the prohibition against multiple punishment is satisfied by a provision in the judgment that the defendant be given credit for the time served on the misdemeanor sentence. (*People v. Breland, supra,* 243 Cal.App.2d at p. 652, fn. 3.)

Finally, in *People v. Smith* (1977) 70 Cal.App.3d 306 [138 Cal.Rptr. 783], the defendant was found guilty of first degree murder after submitting the case to the court for decision based upon the reporter's transcript of the preliminary hearing. On appeal, he argued section 654 precluded sentencing him for that crime because he had previously been convicted of, and was serving a sentence on a final judgment for, a robbery arising out of the same course of criminal conduct from which the murder arose. (70 Cal.App.3d at p. 316.) The court observed that at the time the defendant was prosecuted for the robbery, the prosecutor was not aware of the potential murder charge. The court concluded that to avoid equal protection problems and anomalous results in such circumstances, section 654 "by necessary implication" authorized the trial judge to modify the judgment in the first conviction in order to stay the execution of the sentence as to that conviction to avoid multiple punishment. (70 Cal.App.3d at p. 317.)

In the case before us, respondent was charged in the same information with a misdemeanor and a felony. He elected to enter a plea to the misdemeanor in superior court and less than two months later was found guilty of the felony by the trial court based on the preliminary hearing transcript. Since the charges were all brought in the same criminal action, there is no violation of the proscription against multiple prosecutions. (*Burris v. Superior Court, supra,* 43 Cal.App.3d at pp. 539-540.) The situation is little different than had respondent pleaded guilty to the misdemeanor and been found guilty of the felony on the same day. Given the strong public policy against permitting defendants to avoid sentencing on serious offenses through manipulation of the judicial processes and a need to assure equal application of the law to all defendants, we conclude the proper action would have been for the superior court to have sentenced respondent on count 1 and given him credit for the time served on count 2.

The judgment is reversed. The stay on count 1 is vacated. On remand, the superior court shall impose sentence on count 1, subject to all applicable credits.

Work, Acting P. J., and Huffman, J., concurred.

On April 19, 2000, the opinion was modified to read as printed above.